**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT L. BAKER, et al.,

      Plaintiffs,

vs.                  Case No.: 04-4039-CV-C-ODS, W.D. Missouri

AMERICAN CENTURY INVESTMENT    Misc. Case No. _____ 8 05 mc 93 T30EAJ
MANAGEMENT, INC.,            (Tampa Division Assignment)

      Defendants.

_____/

### MOTION TO QUASH, AND FOR PROTECTION FROM, A DEPOSITION SUBPOENA DUCES TECUM SERVED BY THE DEFENDANT ON THE PLAINTIFF'S COUNSEL, REGARDING A NON-TESTIFYING EXPERT

      Defendant American Century Investment Management, Inc. ("American Century") has taken the extreme and unjustified step of serving a subpoena duces tecum for deposition, issued from the Middle District of Florida, on the law firm of Johnson, Pope, Boker, Ruppel & Burns, LLP law firm (hereinafter, "Johnson Pope"). Johnson Pope is one of the firms representing the Plaintiffs in this litigation. The deposition is scheduled to occur in Tampa, Florida.

      American Century's deposition subpoena (a copy of which is attached as Exhibit 1) consists of a virtually unlimited fishing expedition regarding the relationship between the Johnson Pope law firm and Dr. Stewart L. Brown, who is both an independent contractor/consultant of the Johnson Pope firm on a wide variety of financially-related issues and, as a part of his ongoing consulting relationship with Johnson Pope, he is working with its attorneys and staff on this case. As such, he may be considered as a non-testifying expert. Protection against this unduly intrusive and improper subpoena must issue from this Court,



1

in the form of an order quashing the subpoena and issuing protection from this deposition, because:

1. The information sought is irrelevant and "not reasonably calculated to lead to the discovery of admissible evidence," as required by Fed.R.Civ.P. 26(b)(1);

2. Fed.R.Civ.P. 26(b)(4)(B) prohibits depositions of non-testifying experts absent a showing of exceptional need (which has not been demonstrated here) and American Century cannot obtain indirectly from the Johnson Pope firm what it cannot obtain directly from Dr. Brown;

3. The subpoena is unlimited as to time and scope and is therefore overbroad and unduly burdensome (in addition to seeking irrelevant information);

4. The subpoena involves Dr. Brown's own personal, confidential, and proprietary financial interests, and the information sought improperly invades his privacy;

5. The subpoena is void because the date set for the deposition (October 13, 2005) is only one week after the formal service of the notice (October 7, 2005); Fed.R.Civ.P. 45(c)(2)(B) provides for a 14-day time period within which objections can be filed, and American Century has not respected that time limit; and

6. American Century unilaterally scheduled this deposition for October 13, 2005, without any prior consultation with, or agreement from, the Johnson Pope firm. American Century's counsel knew full well at the time it scheduled this deposition that, back on August 25, 2005, a conflicting deposition *in this same case* was set in Kansas City, Missouri. *See* Exhibit 3. Fact discovery cut-off in this case is scheduled for October 14, 2005. *See*, Exh. 4. Obviously, the lead attorney for the Johnson Pope firm with the most knowledge of the subject matter of the subpoena, could not be available in both Tampa and Kansas City, Missouri at the same date and time. *See* Declaration of Guy Burns, Exh. 2.

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTION

Fed.R.Civ.P. 26(c) provides for protective orders upon motion by a party or the person from whom discovery is sought. Fed.R.Civ.P. 45(c)(3)(A)(i) allows a Court to quash a subpoena that fails to allow a reasonable time for compliance.

Johnson Pope invokes both rules, seeks quashing of the subpoena, and also seeks entry of a protective order barring any similar, subsequent effort by American Century.

I. **THE INFORMATION SOUGHT BY AMERICAN CENTURY IS IRRELEVANT AND NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.**

Guy Burns, when he received this subpoena, conferred with counsel for American Century and asked why the information sought by the subpoena was either relevant to this case or reasonably calculated to lead to the discovery of admissible evidence. American Century's counsel responded that prior to the time Dr. Brown entered into a regular consulting arrangement with Johnson Pope, Dr. Brown had co-authored an article discussing excessive fees in the mutual fund industry, which is at issue here. *See* Declaration of Guy M. Burns, Exh. 2.

This case will be tried in federal court in the Western District of Missouri, Central Division, without a jury, pursuant to Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. §80a-36(b)(5). To help the presiding Court with the general concepts at issue, the Plaintiffs attached a copy of Dr. Brown's article to the Complaint. That article is not evidence in this case and will not be offered as evidence at trial. Accordingly, the attempt to gather information intended to impeach the article or its author can only be deemed as a attempt to gather non-discoverable evidence. Dr. Brown will not be a trial witness and his article will not be offered in evidence.

Dr. Brown's post-article relationship with Johnson Pope on a wide variety of financial matters is irrelevant to his pre-article research and writing on the

3

mutual fund industry. Because the article is not and will not be evidence in the case, Dr. Brown's dealings with the Johnson Pope firm are irrelevant, and discovery from Johnson Pope which seeks information about Dr. Brown's finances, or Dr. Brown's work on unrelated cases, should not be allowed.

## II. FED.R.CIV.P. 26(b)(4)(B) EXPRESSLY PROHIBITS DEPOSITION DISCOVERY AGAINST NON-TESTIFYING EXPERTS SUCH AS DR. BROWN ABSENT EXCEPTIONAL NEED.

Deposition discovery cannot be sought against non-testifying expert witnesses. Fed.R.Civ.P. 26(b)(4)(B) prohibits that result. Dr. Brown, a retired tenured professor of Finance at Florida State University, is a consultant on various matters for Johnson Pope. He is also a non-testifying expert this case. *See* Declaration of Guy M. Burns, Exh. 2. American Century cannot thwart Rule 26 and obtain indirectly (from Johnson Pope) what it cannot obtain directly (from Dr. Brown). The Court should soundly reject American Century's attempt to flagrantly end-run Rule 26's prohibitions against depositions of non-testifying experts.

Fed.R.Civ.P. 26(b)(4)(B) expressly provides that a party may discover (through deposition or interrogatories) facts known or opinions held by an expert who is not expected to be called as a witness at trial (a non-testifying expert) "only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Rule 35's exception does not help American Century here, because that Rule involves mental and physical examinations, which are not at issue. As to Rule 26(b)(4)(B), American Century cannot make *any* showing, let alone a showing of "exceptional circumstances,"

4

that American Century cannot obtain any facts or opinions Dr. Brown might hold on financial matters by "other means."

American Century's strategy is laid bare when the subpoena (Exh. 1) is examined.  Far from seeking any information relating to Dr. Brown's *opinions* about the case and its issues, the information sought is the entire history of Johnson Pope's relationship with Dr. Brown.  Clearly, this is overbroad and irrelevant to litigation involving specific mutual fund issues and federal statutes governing the conduct of investment advisors.

Cases interpreting Rule 26(b)(4)(B) are in complete accord with the Rule's clear prohibition on deposition testimony of non-expert witnesses.  In United States v. 215.7 Acres of Land, 719 F.Supp. 273, 280 (D. Del. 1989), for instance, a party sought information regarding two government experts, an appraiser and an engineer, despite the fact these two experts were "not formally designated to testify."  The discovery effort failed because "exceptional need" had not been demonstrated, and the party seeking discovery had not shown it "cannot obtain the facts or opinions on the same subject by other means."  Id.  A securities case reported as Topsy's International, Inc. v. Tegeler, et al., 69 F.R.D. 69 (D. Kan. 1975) is similar.  There, the protections provided by Rule 26(b)(4)(B) for non-testifying experts were applied.  The party seeking discovery has failed to meet its burden of exception circumstances because it did not demonstrate that the opinions sought were not available from other sources.  Id. at 73.

American Century's discovery subpoena, which seeks the complete relationship between Dr. Brown and Johnson Pope, and seeks very personal details of Dr. Brown's private financial matters, is even more tenuous than the

discovery sought in 215.7 Acres. It cannot be allowed. Had American Century truly required information about Dr. Brown's compensation, and even if that information were relevant to this litigation (but it is not), American Century should have subpoenaed Dr. Brown directly for his own deposition. The fact that American Century did not do so illustrates American Century's apparent knowledge that Rule 26 prohibits such an action. Finding the front door shut, American Century cannot enter through the back door by having Johnson Pope disclose personal details of Dr. Brown's financial life.

III.  **THE INFORMATION SOUGHT IS OVERBROAD BECAUSE IT IS NOT LIMITIED TO THIS CASE; FURTHERMORE, IT CONSTITUTES ATTORNEY WORK-PRODUCT, AND IMPERMISSIBLY SEEKS TO INVADE DR. BROWN'S PERSONAL FINANCIAL INFORMATION.**

A.  **The discovery sought is work product and privileged.**

American Century's subpoena is not limited to Dr. Brown's opinions as formed in this particular case. Rather, American Century seeks to unearth the *entire history* between the Johnson Pope and Dr. Brown, whether related to this case or not. The seven categories of "documents to be produced" and the four "list of topics for discussion" attached to the subpoena, Exhibit 1, do not even attempt to limit American Century's discovery efforts to matters involving this litigation.

Any consulting work Dr. Brown did on other cases for Johnson Pope not relating to American Century or this mutual fund litigation constitutes privileged attorney work-product, and is not discoverable by American Century. Any work that Johnson Pope did on cases other than this one using Dr. Brown's expertise is also attorney-client privileged as it relates to those clients, and that privilege

belongs to the clients, and is not Johnson Pope's to waive.  Neither American

Century nor its counsel can override those privileges based on idle curiosity.  As

explained in the attached Declaration of Guy M. Burns, Exhibit 2, Dr. Brown has

served as a consultant for Johnson Pope over time on a variety of matters *not*

involving American Century or the current mutual fund litigation.  Any contacts

between Johnson Pope and Dr. Brown on those unrelated matters are

privileged, constitute attorney work-product, and are simply none of American

Century's business.

## B.     The subpoena improperly seeks to invade Dr. Brown's personal financial interests.

American Century's subpoena improperly seeks to delve into Dr. Brown's

personal financial interests, by having Johnson Pope reveal matters involving

Dr. Brown's compensation for matters not related to this litigation.  Clearly, this

is improper.

Discovery of personal financial information of parties, or the financial

information of non-parties, can be had only when relevant, and even then, it is

subject to entry of an appropriate protective order.  *See* Fed.R.Civ.P. 26(b)(1)

(discovery must be "relevant to the claim or defense of any party"); *see also,*

Hoover v. Hoover, 898 So.2d 274 (Fla. 4th DCA 2005) (quashing trial court order

denying a motion for protection, remanding for an appropriate protective order);

Taylor v. State, 612 So.2d 626 (Fla. 1st DCA 1993) (trial court properly denied

motion to compel discovery of payments made by sheriff's office to informant);

Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A. v. Mullin,

602 So.2d 955 (Fla. 3d DCA 1991) (law firm entitled to protective order from

7

discovery effort which sought overly broad or irrelevant financial information regarding firm partner).  Fed.R.Civ.P. 26(c) allows a Court to enter a protective order to protect against improper discovery, or to protect a person from "annoyance, embarrassment [or] oppression."  Clearly, American Century's attempt to ferret out intimate details of Dr. Brown's financial life falls in this category, and the Court should issue protection against such improper and intrusive discovery.

## IV.   THE SUBPOENA VIOLATES THE TIME PERIODS PRESCRIBED BY FED.R.CIV.P. 45.

American Century's subpoena notice duces tecum, Exhibit 1, was dated and faxed to Johnson Pope on October 6, 2005, but not formally served until October 7, 2005.  The notice unilaterally scheduled a deposition to begin on October 13, 2005, at 9:00 a.m., a scant few days after the notice issued. American Century could and should have consulted Johnson Pope about the date and time, but did not.  *See* Exh. 2.

American Century has known, since the presiding Court in Missouri entered on July 26, 2005 an Order Granting Joint Motion for Modification of [initial] Scheduling Order, that "Fact discovery shall be completed on or before October 14, 2005."  *See* Exhibit 4, ¶(3).  Despite this clear knowledge that fact discovery ends on October 14, 2005 -- and despite its knowledge of the existence of Dr. Brown's article since the case was filed more than a year ago -- American Century inexplicably waited until October 7, 2005 to formally serve its subpoena.  Even then, American Century set a deposition for a day it knew full well that the lead attorney from Johnson Pope on this case would be

8

unavailable on another deposition in Kansas City, Missouri, in this very same case.  That Kansas City deposition was set months before.  *See* Exh. 3.

American Century has also run afoul of strict timing provisions established in the Rules and, for reasons known only to itself, ignored the clear provisions of Fed.R.Civ.P. 45(c)(2)(B) in serving this subpoena.  Rule 45(c)(2)(B) allow the recipient of a subpoena "14 days after service" to serve its "written objection to inspection or copying of any or all of the designated materials."  Johnson Pope therefore had, under this Rule, 14 days after service of the subpoena (on October 7, 2005), or until October 21, 2005 to file timely objections.  American Century cannot circumvent that Rule by setting the deposition to occur before the date the objections are due; such an act would gut the intent and purpose of the Rule allowing objections to be made.

Fed.R.Civ.P. 45(c)(3)(A) provides that on timely motion, the Court by which such a subpoena is issued may quash it if it:  "(i) fails to allow reasonable time for compliance [or] iii) requires disclosure of privileged or other protected matter."  Those provisions apply to this subpoena, which was improperly issued and is untimely.  The Court should quash the subpoena and issue protection.

## CONCLUSION

The Johnson Pope firm request that this Court enter a protective order under Fed.R.Civ.P. 26(c), protecting it from the discovery subpoena attached as Exhibit 1, and that the Court quash the subject subpoena under Fed.R.Civ.P. 45(c).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Lead counsel for Plaintiffs, Guy Burns, prior to filing this motion, contacted counsel for American Century with a request that American Century either withdraw the subpoena, or enter into an appropriate stipulated confidentiality agreement following which certain information would be provided, and that American Century did not agree to either request prior to the filing of this motion. Prior to the filing of this motion, Johnson Pope and counsel for American Century agreed that the deposition would be voluntarily stayed and not take place, pending the Court's resolution of this objection to discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion has been furnished by regular U.S. mail, this 13th day of October, 2005, to the following:

Daniel E. Blegan, Esq.
Randall E. Hendricks, Esq.
ROUSE HENDRICKS GERMAN
MAY, P.C.
1010 Walnut, Suite 400
Kansas City, MO  64106
(816) 471-7700
Fax:  (816) 471-2221

James Benedict
C. Neil Gray
Sean Murphy
MILBANK, TWEED, HADLEY
& MCCLOY LLP
One Chase Manhattan Plaza
New York, NY  10005-1413
(212) 530-5000
Fax:  (212) 822-5696

By: _____
    Guy M. Burns, FBN 0160901
    Jonathan S. Coleman, FBN 797480
    Becky Ferrell-Anton, FBN 449342
    Audrey Rauchway, FBN 856959
    JOHNSON, POPE, BOKOR,

GmB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

ROBERT L. BAKER, et al.,           )
                                   )
            Plaintiffs,            )
                                   )
v.                                 )       Case No. 04-4039-CV-C-ODS
                                   )
AMERICAN CENTURY INVESTMENT        )
MANAGEMENT, INC., et al.,          )
                                   )
            Defendants.            )

### NOTICE OF RULE 45 DEPOSITION DUCES TECUM

PLEASE TAKE NOTICE that the Defendant, American Century Investment

Management, Inc. will take the Fed. R. Civ. P. 30(b)(6) videotaped deposition(s) duces tecum

of representatives of non-party Johnson, Pope, Bokor, Ruppel & Burns, LLP. The

deposition(s) will be held on October 13, 2005 at 9:00 a.m. (EST) in the offices of Johnson,

Pope, Bokor, Ruppel & Burns, LLP, 403 E. Madison Street, Suite 400, Tampa, Florida, for

any and all purposes permitted by law, as set forth below.

The matters on which examination is requested and the documents requested are

described with reasonable particularity on Exhibit "A" attached hereto Johnson, Pope, Bokor,

Ruppel & Burns shall designate one or more officers, directors or other persons to testify on its

behalf. Such designated persons are hereby notified and required to be present at said time and

place to testify in accordance with this Notice.

The deponents are commanded to bring with them to the deposition the

documents referred to in Exhibit "A" attached to the subpoena duces tecum.





The taking of this deposition, if not completed on that day, will be continued

from day to day at the same place and between the hours of 9:00 a.m. and 5:00 p.m. until

completed. All depositions are to commence at 9:00 a.m. (EST).

This deposition is being taken for the purposes of discovery, for use at a

preliminary injunction hearing, trial, or for such other purposes as are permitted by law.

Respectfully submitted,

ROUSE HENDRICKS GERMAN MAY PC

By _____ /s/ Daniel E. Blegen
Randall E. Hendricks      MO #24832
Daniel E. Blegen          MO #47276
One Petticoat Lane Building
1010 Walnut Street, Suite 400
Kansas City, MO 64106
Tele: (816) 471-7700
Fax:  (816) 471-2221

MILBANK, TWEED, HADLEY & McCLOY
James N. Benedict, Esq.
One Chase Manhattan Plaza, 46th Floor
New York, NY 10005-1413
Tele: 212-530-5696
Fax:  212-822-5696

ATTORNEYS FOR DEFENDANTS AMERICAN
CENTURY INVESTMENT MANAGEMENT,
INC., AND AMERICAN CENTURY
INVESTMENT SERVICES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity generated and sent electronically by the Clerk of said court (with a copy to be mailed via regular U.S. mail to any individuals who do not receive electronic notice from the Clerk) this 6th day of October, 2005 to:

Wm. Dirk Vandever, Esq.
Dennis Egan, Esq.
The Popham Law Firm, P.C.
323 W. 8th Street, Suite 200
Kansas City, MO 64105

Guy M. Burns, Esq.
Jonathan S. Coleman, Esq.
Becky Ferrell-Anton, Esq.
Audrey Rauchway, Esq.
Johnson, Pope, Bokor, Ruppel & Burns
403 E. Madison Street, Suite 400
Tampa, FL 33602

Michael J. Brickman, Esq.
James C. Bradley, Esq.
Nina H. Fields, Esq.
Patrick Richardson, Esq.
Westbrook & Brickman LLC
174 East Bay Street
Charleston, SC 29401

Steven W. White, Esq.
Gene P. Graham, Jr., Esq.
White, Allinder, Graham & Buckley, LLC
19049 E. Valley View Parkway, Ste. C
Independence, MO 64055

/s/ Daniel E. Blegen
Attorney for Defendants

## EXHIBIT A

## DEFINITIONS & INSTRUCTIONS

The following definitions and instructions apply to this subpoena.

1.     All terms used in this subpoena have their ordinary English meaning, except for the following words which, in the context of these requests, are defined as follows:

a.     The term "you" or "your" as used herein shall refer to Johnson, Pope, Bokkor, Ruppel & Burns, LLP, ("Johnson Pope") its lawyers, directors, officers, managers, employees, predecessor law firms, agents, and any person or entity affiliated with Johnson Pope including but not limited to charitable foundations and the like.

b.     The term "ACIM" as used herein shall mean American Century Investment Management, the named defendant in this action, and any person or entity affiliated with ACIM.

c.     As used herein, the term "document" is used in the broadest possible sense and includes, but is not limited to, any kind of written, recorded or graphic matter, whether printed or recorded, or reproduced by any other mechanical process, or stored on paper, cards, tapes, film, recordings (tape, disk or other), electronic facsimile, computer storage devices or any other media, or written or produced by hand, including but not limited to: agreements, and drafts thereof; communications, including intra-company communications; correspondence (whether or not sent); electronic mail; telegrams; telexes; memoranda, including internal memoranda, and drafts thereof; contracts; reports; quotations; invoices; summaries; transcripts; reviews; analyses; studies; records; books; summaries, notes or records of telephone conversations; summaries, notes or records of conversations or interviews; summaries, notes or records of meetings, conferences or communications; opinions; valuations; evaluations; forecasts; projections; appraisals; statistical statements;

notes; ledgers; books of record; press releases; drafts of any document; working papers; marginal notations; journals; telephone records; work papers; drawings; specifications; desk calendars; appointment books; diaries; calendars; diaries; lists; tabulations; microfilm; floppy disks or other computer disks; computer tapes; computer printouts; photocopies; slides; motion pictures; video tapes; audio tapes; electronic data; minutes of meetings; drawings; designs; or any other writings, including non-identical copies of any of the foregoing.

f.       The term "communications" means oral and written communications, correspondence, memoranda, facsimile and/or electronic mail transmissions, reports, records or notes of telephone calls, records, notes or minutes of any meeting, and all other forms of oral or written expression by which information may be conveyed.

2.       Pursuant to Fed. R. Civ. P. 45(d)(1), you are instructed to produce for inspection and copying documents as they are kept in the usual course of business or to organize and label them to correspond with the categories in the demand. In the event that copies of any documents are produced pursuant to an agreement to use copies, all copies produced shall be reproduced in a manner which reproduces all markings, highlighting, marginal notes and notations or markings on the reverse side of the document in a clear and legible form. The production of copies in lieu of originals constitutes the express representation of Johnson Pope that the copies produced meet the standards specified in the preceding sentence.

3.       This demand is deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody, or control additional responsive documents, you are requested  promptly to produce such additional documents for inspection and copying.

## DOCUMENTS TO BE PRODUCED

1.  Documents showing the duties of and/or services rendered by Stewart L. Brown on behalf of or at the direction of Johnson Pope.

2.  Document showing the dates and amounts of payments to Stewart L. Brown.

3.  Documents showing the dates and amounts of all compensation paid to Stewart L. Brown that came through or was directed by Johnson Pope.

4.  Documents showing the dates and amounts of all monies directed to Stewart L. Brown for any work related to the article attached to the complaint in this case (the "Freeman and Brown" article).

5.  Documents showing the dates and amounts of the retainer payments given Stewart L. Brown.

6.  Documents showing the monies paid Stewart L. Brown through or at the direction of Johnson Pope in the two years preceding publishing of the Freeman and Brown article.

7.  Employment agreements, contracts, retainer agreements, or like documents between Stewart L. Brown and Johnson Pope.

## LIST OF TOPICS FOR DEPOSITION

1.  Dates, amounts, and purpose of all payments and/or other compensation to Stewart L. Brown that came through or was directed by Johnson Pope.

2.  The preparation, maintenance, and authenticity of the documents requested in this subpoena.

3.  Dates, amounts, and purpose of payments to Stewart L. Brown that came through or

were directed by Johnson Pope for any work related to the Freeman and Brown article.

4.    Services rendered by Stewart L. Brown in exchange for payments and/or other

compensation that came through or was directed by Johnson Pope.

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROBERT L. BAKER, et al.,

     Plaintiffs,

vs.                         Case No.:  04-4039-CV-C-ODS, W.D. Missouri

AMERICAN CENTURY INVESTMENT
MANAGEMENT, INC.,

     Defendants.

_____/

## DECLARATION OF GUY M. BURNS, ESQ.

I, Guy M. Burns, do hereby declare:

1.    My name is Guy M. Burns. I am employed by the law firm of Johnson Pope Bokor Ruppel & Burns, LLP ("Johnson Pope"), and I am one of the lead counsel for Plaintiffs' in the above-captioned case.

2.    The Johnson Pope firm was served with the discovery subpoena attached as Exhibit 1 to the Motion to Quash and for Protection on October 7, 2005, setting an October 13, 2005 deposition date.  The subject of the subpoena concerns money paid by the Johnson Pope firm to Dr. Stewart Brown, Ph.D., and the services rendered by Dr. Brown in exchange for those payments. Dr. Brown has, from time to time, served as an expert witness on cases handled by the Johnson Pope firm.  He also receives a regular monthly consulting fee from Johnson Pope for which Dr. Brown provides various analytical services regarding financial issues on pending and potential cases. I am the individual at Johnson Pope with the most knowledge of the Johnson Pope firm's relationship with Dr. Brown.

### EXHIBIT 2

3. I was not consulted by American Century's counsel about the date or time set for this deposition. In fact, American Century's counsel knew that I could not appear for a deposition in Tampa on October 13, 2005 because, back on August 24, 2005, a deposition of an American Century representative, Jeannine Strandjord, had been scheduled to take place beginning at 9:00 a.m. in Kansas City, Missouri. Obviously, I cannot simultaneously attend the Kansas City deposition, which was noticed months ago, and appear in Tampa, Florida on the same date and time, to respond to a deposition notice duces tecum that was not served on my firm until October 7, 2005, only 6 days before the deposition.

4. The subpoena seeks information and documents regarding all aspects of the relationship between the Johnson Pope law firm and Stewart Brown, a retired tenured professor of finance at Florida State University.

5. I have personal knowledge that Stewart Brown has consulted with the Johnson Pope firm on a number of matters that have nothing to do with this litigation. For instance, Dr. Brown has performed damage calculations in NASD arbitrations involving individual plaintiffs represented by Johnson Pope as well as court proceedings involving plaintiffs and companies other than American Century. Most of those cases do not involve mutual fund issues, and when mutual fund issues have been involved, they are issues unrelated to those raised in this case.

2

6.     Dr. Brown is a regular consultant for the Johnson Pope firm, and he is a non-testifying expert in this case.

7.     When I received notice of this subpoena, I personally met and conferred with counsel for American Century to determine why they thought Dr. Brown's relationship with the Johnson Pope firm was relevant to this case, and I was told that American Century wished to investigate the circumstances surrounding the article that Dr. Brown co-authored, which was attached to the Complaint.

8.     Dr. Brown had completed the research and writing for that article, and had submitted it for publication, without my knowledge, prior to the time Johnson Pope began regularly paying Dr. Brown as a consultant. I did not, and my firm did not, participate in any way in researching or writing that article, nor did I or the Johnson Pope firm pay Dr. Brown to write that article.

9.     The Johnson Pope firm has not paid Dr. Brown any compensation, monetary or otherwise, for the article in question, which was researched, written, and submitted for publication before I even became aware of its existence.

I DECLARE under penalty of perjury that the foregoing is true.

GUY M. BURNS

#97900v1

3

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT L. BAKER, et al., )<br><br>Plaintiffs, )<br><br>Vs. )<br><br>AMERICAN CENTURY INVESTMENT )<br>MANAGEMENT, INC., et al., )<br><br>Defendants. ) | Case no. 04-4039-CV-ODS |

## SECOND AMENDED NOTICE TO TAKE THE VIDEOTAPED DEPOSITION SUBPOENA DUCES TECUM OF M. JEANNINE STRANDJORD

TO:    M. Jeannine Strandjord, c/o Fred Sgroi of Bryan Cave, LLP, One Kansas City Pl., 1200 Main Street, Suite 3500, Kansas City, Missouri 64105

You are hereby notified that the videotaped deposition of M. Jeannine Strandjord, to be used in evidence in the above-entitled cause on the part of Plaintiffs will be taken at the office of Randall E. Hendricks of Rouse, Hendricks, German & May, PC, One Petticoat Lane Building, 1010 Walnut, Suite 400, Kansas City, Missouri, on Thursday, October 13, 2005, and that the taking of said deposition, if not completed on that day, will be continued from day to day at the same place and between the hours of 9:00 a.m. and 5:00 p.m. until completed. Deposition is to commence at 9:00 a.m.

The deponent is hereby commanded to bring with her the documents referred to in Schedule "A" attached hereto.

WHITE, ALLINDER, GRAHAM & BUCKLEY, LLC.

By:_____ /s/ Steven W. White_____
　　　　　Steven W. White　　　　26333
　　　　　19049 E. Valley View Parkway, Suite C
　　　　　Independence, MO 64055
　　　　　Tel: (816) 373-9080; Fax: (816) 373-9319
　　　　　swhite@wagblaw.com



EXHIBIT

tabbies

3

Wm. Dirk Vandever, Esq.
323 W. 8th Street, Suite 200
Kansas City, Missouri  64105
Tel:  816-221-2288
Fax:  816-221-3999

Guy M. Burns
Becky Ferrell-Anton
JOHNSON, POPE, BOKOR, RUPPEL &
BURNS, LLP
Northern Trust Bank Building
403 East Madison Street
Suite 400
Tampa, FL 33602
Tel: (813) 225-2500
Fax:  (813) 223-7118

Michael J. Brickman
James C. Bradley
RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN LLC
174 East Bay Street
Charleston, SC  29401
Tel: 843) 727-6500
Fax:  (843) 727-3103

John Klamann
 Klamann & Hubbard, PA
7101 College Boulevard, Suite 120
Overland Park, KS  66210
Tel: 913-327-7600; Fax 913 327-7800

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via ECF filing and U.S. Mail, postage prepaid, this 24th day of August, 2005, to the following:

> Randall E. Hendricks
> Rouse, Hendricks, German & May, PC
> One Petticoat Lane Building
> 1010 Walnut, Suite 400
> Kansas City, MO 64106
>
> James Benedict
> MILBANK, TWEED, HADLEY & McCLOY, LLP
> One Chase Manhattan Plaza
> New York, New York 10005-1413
>
> Fred Sgroi
> Bryan Cave, LLP
> One Kansas City Pl.
> 1200 Main Street, Suite 3500
> Kansas City, Missouri 64105

_____/s/ Steven W. White_____
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

ROBERT L. BAKER, et al.,                    )
                                            )
                  Plaintiffs,               )        Case no. 04-4039-CV-ODS
                                            )
Vs.                                         )
                                            )
AMERICAN CENTURY INVESTMENT                 )
MANAGEMENT, INC., et al.,                   )
                                            )
                  Defendants.               )

### SCHEDULE "A" TO SUBPOENA FOR  M. JEANNINE STRANDJORD
### DEFINITIONS

A.     The term "document" as used herein shall refer to originals or copies or

correspondence, memoranda, listings, accounts, records of account,

ledger sheets,  audits, questionnaires, recordings, e-mails, transcriptions,

floppy disks, computer printouts, writings, drawings, graphs, charts,

photographs, phonographs, or any other data, compilation, electronic or

written material of any kind or character, and transcripts of any taped

conversations with or photographs of any of the parties or witnesses to

this action.  If there exist any records or tapes of conversations between

the parties or any of their agents or representatives, furnish copies of any

records and/or tapes.  Electronic material or data shall include, but is not

limited to, all test files (including word processing documents),

spreadsheets, e-mail files and information concerning e-mail (including

logs or e-mail history and usage, header information and "deleted" files),

internet history files and preferences, graphical image format ("GIF") files,

data bases, calendar and scheduling information, computer system

activity logs, and all file fragments and backup files containing electronic data.

For any document related to the matters described herein which is not in your possession but which you know to exist, you are requested to identify any such document and indicate to the best of your knowledge and ability that document's present or last known location or custodian.

B.   The term "you" as used herein shall mean M. Jeannine Strandjord and her agents, officers, directors, servants, employees, attorneys, expert witnesses, accountants, auditors and all other persons over whom M. Jeannine Strandjord has control or authority, or who have been hired, retained or employed for any purpose by M. Jeannine Strandjord.

C.   The term "mutual funds" as used herein shall mean any registered investment company or portfolio or series thereof, including all predecessor or successor entities.

D.   The term "person" or "persons" as used herein shall mean all natural persons ("individual" or "individuals") and entities, including without limitation: corporation, companies, partnerships, limited partnerships, joint ventures, trusts, estates, association, public agencies, department, bureaus and boards.

E.   A Confidentiality Order dated October 8, 2004  (the "Confidentiality Order") has been entered as document no. 68 in this case, and its terms are incorporated by herein reference herein.

F.   Unless otherwise provided herein, the relevant time period shall be
     January 1, 1999 to the present.

## **DOCUMENTS**

1.      Any and all documents for the period commencing January 1, 1999 to the present related to your activities and/or responsibilities as a director or trustee of any of the mutual funds which are included in the American Century complex of funds.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ROBERT L. BAKER, et al.,           )
                                   )
            Plaintiffs,            )
                                   )
vs.                                )     Case No. 04-4039-CV-C-ODS
                                   )
AMERICAN CENTURY INVESTMENT        )
MANAGEMENT, INC., et al.,          )
                                   )
            Defendants.            )

ORDER GRANTING JOINT MOTION FOR
MODIFICATION TO SCHEDULING ORDER

Pending is the parties' Joint Motion for Modification to Scheduling Order (Doc.
# 127). Upon the agreement of all parties, the motion is granted. The Scheduling and
Trial Order is amended as follows:

(1)   Plaintiffs shall provide Defendant American Century with the names of their
      experts and the proposed topics to which they intend to speak on or before
      August 3, 2005;

(2)   Defendant American Century shall provide Plaintiffs with the names of their
      experts and the proposed topics to which they intend to speak on or before
      September 30, 2005;

(3)   Fact discovery shall be completed on or before October 14, 2005;

(4)   Plaintiffs shall provide their expert reports to Defendants on or before November
      11, 2005;

(5)   Plaintiffs shall make their expert witnesses available for deposition prior to
      December 23, 2005;

(6)   Defendant American Century shall provide their expert reports to Plaintiffs on or
      before December 23, 2005;

(7)   Defendant American Century shall make their expert witnesses available for
      deposition prior to January 27, 2006;



EXHIBIT

4



RECEIVED
JUL 2 9 2005
By 108003

(8)     Expert discovery, including expert depositions, shall be completed on or before
        January 27, 2006.

All other deadlines contained in the Scheduling and Trial Order shall remain in effect.

        IT IS SO ORDERED.

DATE: July 26, 2005                          /s/ Ortrie D. Smith
                                             ORTRIE D. SMITH, JUDGE
                                             UNITED STATES DISTRICT COURT

2