UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT L. BAKER, et. al.,**

    Plaintiffs,

**v.**                                           Case No.: 8:05-MC-93-T-30EAJ

**AMERICAN CENTURY INVESTMENT MANAGEMENT, INC.,**

    Defendants.

## ORDER

Before the court are **Plaintiffs' Motion to Quash and Motion for Protection from a Deposition Subpoena Duces Tecum** (Dkt. 1) filed on October 13, 2005. Defendants filed a **Memorandum in Opposition to Plaintiffs' Motion to Quash and Motion for Protective Order** (Dkt. 4) on October 27, 2005. On November 11, 2005, Plaintiffs filed a **Notice of Supplemental Authority**.[1] (Dkt. 7) A hearing on this matter was held on November 22, 2005.

After considering the pertinent authorities, the arguments and evidence submitted by the parties, Plaintiffs' motion to quash is **GRANTED**.

I. Background

On March 4, 2004, Plaintiffs filed suit against Defendants in the United States District Court for the Western District of

---

[1] On November 22, 2005, this court granted Plaintiffs' motion to file a Notice of Supplemental Authority. The motion was filed after Plaintiffs' counsel retained outside counsel to represent the law firm in this matter. (Dkt. 7 at 1, n.1)

Missouri. (Dkt. 4 at 2) Plaintiffs filed a shareholder derivative action alleging violations of Section 36(b) of the Investment Company Act of 1940 and seeking damages for "excessive management fees." (Id.) Attached to the complaint was an article written by Dr. Stewart L. Brown ("Dr. Brown"), titled "Mutual Fund Advisory Fees: The Cost of Conflicts of Interest," 26 J. Corp. L. 609 (2001). (Id.) According to Defendants, Plaintiffs cite to Dr. Brown's article as support for Plaintiffs' proposition that the existing law on management fees charged by mutual funds should be changed. (Dkt. 4 at 2)

On October 7, 2005, Defendants served non-party Johnson, Pope, Bokor, Ruppel & Burns, LLP ("Johnson Pope" or "Plaintiffs' counsel") with a Rule 30(b)(6) deposition duces tecum notice. (Dkt. 1, Ex. 1) Johnson Pope is the law firm representing Plaintiffs in their action against Defendants pending in Missouri. Plaintiffs allege that Defendants unilaterally scheduled the deposition for October 13, 2005 in Tampa, Florida. (Dkt. 1 at 8) According to Plaintiffs, Defendants scheduled the deposition on a day that lead counsel for Plaintiffs would be in another deposition in Kansas City, Missouri in the same case. (Id.) More fundamentally, however, Plaintiffs seek to prohibit the deposition altogether on the grounds which are discussed subsequently.

The subpoena seeks information and documents from a designated representative of Johnson Pope regarding the relationship between

the law firm and Dr. Brown, a consultant to Johnson Pope.[2] (Dkt. 1, Ex. 1) Because Plaintiffs rely on Dr. Brown's article as a basis for the modification of existing law on management fees charged by mutual funds, Defendants contend that documents and information relating to Dr. Brown's compensation are relevant to the underlying suit. (Dkt. 4 at 1)

When Plaintiffs' counsel received the subpoena notice, he conferred with Defendants' counsel asking why the information sought was relevant to the case or reasonably calculated to lead to the discovery of admissible evidence. (Dkt. 1 at 3) Plaintiffs' counsel requested that Defendants withdraw the subpoena or enter into a stipulated confidentiality agreement under which certain information would be provided. Although Defendants did not agree to Plaintiffs' requests, the parties did agree that the deposition would be voluntarily stayed until the court's resolution of Plaintiffs' motions. (Dkt. 1 at 10)

---

[2] Specifically, the deposition notice requested that the following documents be produced: (1) documents showing the duties of and/or services rendered by Dr. Brown on behalf of Plaintiffs' counsel; (2) documents showing the dates and amounts of payments to Dr. Brown; (3) documents showing the dates and amounts of all compensation paid to Dr. Brown that came through or was directed by Plaintiffs' counsel; (4) documents showing the dates and amounts of all monies directed to Dr. Brown for any work related to the article attached to the complaint in the underlying case; (5) documents showing the dates and amounts of retainer payments given Dr. Brown; (6) documents showing the monies paid Dr. Brown through or at the direction of Plaintiffs' counsel in the two years preceding the publication of Dr. Brown's article; and, (7) employment agreements, contracts, retainer agreements, or "like documents" between Dr. Brown and Plaintiffs' counsel. (Id.)

On October 13, 2005, Plaintiffs filed a motion to quash the subpoena and motion for a protective order. (Dkt. 1) First, Plaintiffs contend that the information sought by Defendants is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The declaration of Guy M. Burns ("Burns"), submitted in support of Plaintiffs' motion to quash the subpoena, states that Dr. Brown, a retired tenured professor of finance at Florida State University, completed the research and writing for the article attached to Plaintiffs' complaint prior to the time that Johnson Pope began regularly paying Dr. Brown as a consultant. (Dkt. 1, Ex. 2 at 3) Additionally, Burns states that Johnson Pope did not participate in any way in the research or writing of Dr. Brown's article, nor did Johnson Pope pay Dr. Brown to write the article. (Id.) Further, Burns notes that in most of the cases in which Dr. Brown has consulted, the cases did not involve mutual funds, and when mutual funds have been involved, the issues were unrelated to the issues in the underlying case. (Id. at 2)

Second, Plaintiffs note that Dr. Brown will not be testifying as an expert witness and Plaintiffs will not be introduce Dr. Brown's article as evidence at trial. (Dkt. 1 at 3) Because Dr. Brown is not a testifying expert witness and because his report will not be introduced as evidence at the trial, Plaintiffs assert that Fed. R. Civ. P. 26(b)(4)(B) prohibits the subpoena unless Defendants make a showing of exceptional need for the information.

4

Plaintiffs contend that Defendants have not shown an exceptional need for the information.  Third, Plaintiffs argue that the information sought is overly broad and implicates attorney-client and work product privileges.  Finally, Plaintiffs argue that their motion should be granted because discovery from opposing counsel is discouraged.  Under the guidelines set forth in <u>Shelton v. American Motors Corporation</u>, 805 F.2d 1323 (8th Cir. 1986), Plaintiffs contend that Defendants have failed to demonstrate their need for the requested information.[3]

Defendants contend that the information regarding Dr. Brown's compensation by Johnson Pope is relevant to the underlying case because it will demonstrate "Dr. Brown's potential bias that may be relevant to the Court's analysis of the lawsuit."  (Dkt. 4 at 6)  Defendants further assert that this information will give the district court in Missouri "the full picture prior to deciding what weight, if any, to give the Freeman and Brown Article in this matter."  (<u>Id.</u>)  Defendants concede that Dr. Brown is a non-testifying expert witness and that Dr. Brown's report will not be introduced as evidence at the trial.  Nonetheless, Defendants maintain that Dr. Brown's opinions and advocacy will be presented

---

[3] In their motion, Plaintiffs asserted that Fed. R. Civ. P. 45(c)(2)(B) requires a 14-day time period within which to object to the subpoena.  Plaintiffs argued that the subpoena was void because Defendants filed the notice one week prior to the scheduled deposition.  At the hearing, Plaintiffs agreed that the deposition notice was timely and abandoned this argument.

to the court through the testimony of testifying experts. By obtaining the information sought in the deposition, Defendants argue that they will be able to establish that Dr. Brown is not an "independent scholar." In Defendants' view, since they are not seeking the expert opinions of Dr. Brown, the guidelines for deposing consulting expert witnesses are not controlling.

Defendants cite the case of <u>Pamida v. E.S. Originals, Inc.</u>, 281 F.3d 726 (8th Cir. 2002) for the proposition that discovery from opposing counsel is permitted when it relates to prior concluded cases litigated by opposing counsel.

At the hearing, Defendants agreed to narrow the scope of the subpoena to information and documents concerning the amounts paid to Dr. Brown by Plaintiffs' counsel in prior concluded cases. Defendants also agreed that a records custodian for the law firm, rather than an attorney in the law firm, may answer the questions concerning Dr. Brown's compensation if that person has the relevant information.

## II. <u>Discussion</u>

Federal Rule of Civil Procedure 45( c) provides that it is the court by which the subpoena is issued that rules on objections to the subpoena and on timely motions to quash. Accordingly, this court has jurisdiction to determine whether the subpoena issued by Defendants to Johnson Pope should be quashed.

Rule 26(b)(1), Fed. R. Civ. P., which defines the scope of

discovery, provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."  Further, "for good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action."  Rule 26(b)(1), Fed. R. Civ. P.

The issue of whether Dr. Brown is biased against Defendants is not relevant to the claim in the underlying case: whether Defendants charged excessive management fees to Plaintiffs in violation of federal law.  Defendants have not put forth any valid argument to establish that Dr. Brown's compensation in prior concluded cases has any bearing or connection to a claim or defense in the underlying case, especially as Dr. Brown is not a testifying expert.

Plaintiffs are not proffering Dr. Brown's article as evidence at trial.  The connection between Dr. Brown's article, which advocates a change in existing law on management fees, and the merits of the underlying case is too attenuated.  As set forth in the declaration of Burns, the Johnson Pope attorney representing Plaintiffs in the Missouri case, Dr. Brown completed the research and writing for the article prior to the time that Johnson Pope began regularly paying Dr. Brown as a consultant.  Johnson Pope was not involved in the research or writing of Dr. Brown's article, nor did Johnson Pope compensate Dr. Brown to write the article. According to the Burns' declaration, in most of the concluded cases

7

in which Dr. Brown has consulted, the cases did not involve mutual funds, and when mutual funds have been involved, the issues were unrelated to the issues in the underlying case.  Moreover, the fact that Plaintiffs' testifying experts may refer to Dr. Brown's article and opinions does not make Dr. Brown's alleged bias relevant.  Even assuming the information or documents show Dr. Brown's bias, Defendants fail to demonstrate how Dr. Brown's alleged bias has any impact on the claims and defenses in the underlying case.

In Shelton, the Eighth Circuit set a heightened standard of review when a party seeks to depose an opposing counsel.  Shelton, 805 F.2d at 1327.  In a subsequent case, the Eighth Circuit held that the Shelton test does not apply when a party seeks "relevant information uniquely known by [opposing counsel] about terminated litigation, the substance of which is central to the pending case."  Pamida, 281 F.3d at 731.  It is not necessary to determine whether these Eighth Circuit decisions govern where the requested files and information are located in Tampa, Florida.

Assuming arguendo that heightened scrutiny is not required to depose opposing counsel regarding prior concluded cases, see Pamida, 281 F.3d at 731,[4] the touchstone of any discovery request is relevancy.  Here, Defendants have not demonstrated the relevancy of

---

[4] In Pamida, the information sought from opposing counsel regarding a terminated case was central to the pending litigation. Pamida, 281 F.3d at 731.  Such is not the case here.

Dr. Brown's compensation in prior concluded cases involving Plaintiffs' law firm.[5] Thus, Defendants may not seek information from the files of opposing counsel. Plaintiffs' motion to quash is **GRANTED**.

As the information sought by Defendants is irrelevant to the underlying case, this court need not address the issue of under what circumstances, if any, counsel may obtain information about a non-testifying expert.

Accordingly, upon consideration, it is **ORDERED**:

(1)  Plaintiffs' motion to quash is **GRANTED**;

(2)  Plaintiffs' motion for protective order is **MOOT**.

**DONE AND ORDERED** in Tampa, Florida on this 13th day of December, 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

---

[5]  Defendants admit that "much of the information sought by the subpoena has already been in evidence in other matters, including <u>Florida State Bd. of Admin. v. Alliance Capital Management</u>, Case No. 02-CA-1104, in the Circuit Court for Leon County, Florida, a case in which Johnson Pope retained Dr. Brown as an expert for the plaintiff." (Dkt. 4 at 7, n. 6) Consequently, Defendants argue that they are merely attempting to confirm information that they have already received. This distinction does not advance Defendants' case.